I respectfully dissent from the majority decision to affirm the Deputy Commissioner's Opinion and Award in this case.
The majority has found that plaintiff reached maximum medical improvement on 3 October 2000 and that plaintiff has failed to prove continuing disability after reaching maximum medical improvement. Based upon that reasoning, the majority terminated plaintiff's temporary total disability compensation as of that date. However, the majority has also concluded that plaintiff had not reached maximum vocational improvement on 3 October 2000, and notes that defendant began providing vocational assistance in December 2000. The undersigned is unable to reconcile the reasoning of the majority either logically or with the applicable law. Vocational rehabilitation constitutes medical compensation by definition. N.C. Gen. Stat. § 97-2(19). The only purpose of vocational rehabilitation is to lessen the period of disability. The term disability under the Act is defined as an "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9). Therefore, so long as plaintiff was participating in vocational rehabilitation, he remained disabled by definition. Plaintiff testified at the hearing before the Deputy Commissioner that he was applying for jobs on his own and that he had recently begun participation in a vocational rehabilitation program pursuant to which the vocational counselor was attempting to find him employment. Accordingly, at the time of the hearing before the Deputy Commissioner, plaintiff remained disabled and his compensation should have continued. Cutting off a plaintiff's compensation during the period that he is participating in vocational rehabilitation, as the majority has done in this case, has the direct result of forcing that injured employee without earnings or compensation benefits to conduct job search activities as directed by the employer without regard to the employee's limitations or vocational abilities.
The majority places some emphasis on the fact that on 17 May 2001, plaintiff notified defendant that he would no longer be participating in the vocational rehabilitation program. The majority concluded that plaintiff "failed to meet his burden to present evidence to establish disability after he reached maximum medical improvement, and more importantly after he ceased vocational rehabilitation on 17 May 2001." First, it should be noted that the hearing before the Deputy Commissioner was held on 24 January 2001, after plaintiff reached maximum medical improvement but prior to his refusal to continue in vocational rehabilitation. Therefore, plaintiff has not had an opportunity to present evidence regarding the issue of whether he remained disabled after he stopped vocational assistance. It is unfair of the majority to cite that lack of opportunity as a basis for denying compensation.
Second, the majority does not take into account the realities facing plaintiff in his application for Social Security benefits. At the time of the hearing before the Deputy Commissioner, plaintiff testified that he had not applied for benefits under any program other than that provided under the Workers' Compensation Act. Subsequent to the hearing, plaintiff applied for Social Security benefits. Plaintiff could not represent to the Social Security Administration that he was totally disabled while still voluntarily applying for employment through the vocational rehabilitation program offered by defendant. Therefore, plaintiff notified defendant and the Commission that he would cease vocational rehabilitation unless ordered to continue by the Commission. Had the Commission provided plaintiff with such an order (which the undersigned notes is required by N.C. Gen. Stat. § 97-25 prior to the suspension of benefits for failure to cooperate with medical treatment), plaintiff could have continued his vocational rehabilitation efforts without jeopardizing his Social Security benefits. The Commission failed to issue an order requiring plaintiff to cooperate, and now attempts to penalize plaintiff for seeking the order.
In addition to plaintiff's participation in vocational rehabilitation, the undersigned believes that plaintiff has provided sufficient medical evidence to show that he remained disabled, that is unable because of injury to earn the wages which he was receiving at the time of injury in the same or any other employment. The majority has included in its findings of fact the results of the FCE taken by plaintiff on 15 September 2000, and noted the restrictions of light duty and weight limitations given to plaintiff. In addition, the majority found that plaintiff's return to work for defendant constituted make work and was not indicative of plaintiff's earning capacity. Despite this, the majority determined that plaintiff failed to show any continuing disability, and as of 3 October 2000, the date he reached maximum medical improvement, cut off all benefits. In doing so, the majority used the fact that plaintiff participated in admittedly make work employment prior to his layoff to show that he is capable of obtaining employment and to provide evidence that plaintiff retains no post-injury disability. I believe this is a mischaracterization of plaintiff's post-injury employment by defendant, and in direct contradiction to the majorities' own findings of fact. The post-injury employment provided by defendant, correctly defined as make work employment, does not demonstrate any "capability of performing some work" as the majority finds, and does not operate to show that plaintiff is no longer disabled. Accordingly, plaintiff's post-injury wages cannot be used to establish that he was not disabled after maximum medical improvement.
Because plaintiff has provided sufficient evidence to support the conclusion that he remains disabled as defined by the Act following maximum medical improvement, I would vote to award plaintiff temporary total disability compensation as of the date of his termination continuing for so long as he remains disabled.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER